# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant ERIC M. MILES**
**United States Army, Appellant**

ARMY 20150415

Headquarters, United States Army Support Activity, Fort Dix
Gregory R. Bockin, Military Judge
Lieutenant Colonel Ismael Sanabria, Jr., Staff Judge Advocate (pretrial)
Lieutenant Colonel Dolly R. Livingston, Staff Judge Advocate (post-trial)

For Appellant:  Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Patrick J. Scudieri, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA; Captain Austin L. Fenwick, JA (on brief).

17 January 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

HERRING, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of four specifications of maltreatment by sexual harassment and one specification of abusive sexual contact, in violation of Articles 93 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 893, 920 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved only so much of the adjudged sentence as provided for a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raised two assignments of error and also personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  We do not yet address these given that the staff judge advocate (SJA) did not advise the convening authority with

respect to the legal errors raised by appellant in his matters pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105.

## BACKGROUND

Appellant's R.C.M. 1105 matters alleged legal error, but the addendum to the staff judge advocate recommendation merely stated, "defense submitted three (3) Government legal errors, namely: the Government did not execute PVT Miles's extension orders; the Fort Dix General Courts-Martial Convening Authority did not have proper jurisdiction over PVT Miles to prosecute his case; and the Government did not follow the advice of the Article 32 Preliminary Hearing Officer." There is no evidence of the SJA's advice to convening authority regarding the merit of the legal errors alleged. Neither the convening authority's action nor memorandum denying appellant's post-trial request for discharge in lieu of trial by courts-martial address the legal errors alleged in appellant's R.C.M. 1105 matters.

## LAW AND DISCUSSION

This court reviews questions of whether post-trial processing was completed correctly de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (C.A.A.F. 2004). R.C.M. 1106(d)(4) states:

> [W]hen the recommendation is prepared by a staff judge advocate, the staff judge advocate shall state whether, in the staff judge advocate's opinion, corrective action on the findings or sentence should be taken when an allegation of legal error is raised in matters submitted under R.C.M. 1105 or when otherwise deemed appropriate by the staff judge advocate. The response may consist of a statement of agreement or disagreement with the matter raised by the accused. An analysis or rationale for the staff judge advocate's statement, if any, concerning legal error is not required.

Here, the SJA did not respond to the alleged legal errors or indicate whether she believed corrective action was necessary. Because we cannot determine whether the convening authority was properly advised, we find unresolvable error and set aside the action and return the case for a new SJAR and action.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

...uthority's action, dated 11 January 2016, is set aside. The record of trial is returned to The Judge Advocate General for a new SJAR and action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.

Senior Judge CAMPANELLA and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court